## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:16-cr-97 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| KORTNEE WIDUP, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ORDER

The trial in this criminal case is scheduled to begin on March 13, 2017.  This matter is before the Court upon Defendants' Joint Motion in Limine (Doc. #45) and Plaintiff's Response (Doc. #46).

### I.   Standard of Review

"Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  Similar to other evidentiary rulings, the decision to grant or deny a motion in limine is within the sound discretion of the trial court.  *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 852 (7th Cir. 1998).  However, "[o]rders in limine which exclude broad categories of evidence should rarely be employed."  *Sperberg v. Goodyear Tire &*

*Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Rather, motions in limine are "generally confined to very specific evidentiary issues of an extremely prejudicial nature." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015).

In short, if the evidence is not plainly inadmissible on all potential grounds, the Court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.  Additionally, "[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 275 (E.D. Mich. 2009) (citations omitted).

## II.  Analysis

### A.  Defendant Widup

Defendants seek to preclude any witness from testifying that Ms. Widup was left unattended on September 9, 2015 in the 445th Operations Support Squadron and that she stole the night vision goggles (goggles) from Wright-Patterson Air Force Base (WPAFB). They "anticipate the Government will call witnesses to testify that Ms. Widup **could have** been left unattended in the 445th Operations Support Squadron while working overtime hours."  (Doc. #45, *PageID* #172) (emphasis in original).  Further, Defendants "suspect[] that said witnesses will also attempt to testify that if Ms. Widup was alone in the 445th Operations Support Squadron at this time, this would have likely been the time during which she took the [goggles] from WPAFB." *Id.*  They contend that the Government has not provided any proof—such as eye-witnesses, WPAFB employee

2

activity logs, or video footage—that Ms. Widup was left unattended or stole the goggles, and as a result, "any such testimony would be purely speculative in nature and must be excluded." *Id.* at 172-73.

Under Federal Rule of Evidence 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. But, "the threshold of Rule 602 is low[,]" and "[t]estimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) (citing Weinstein, *Weinstein's Evidence* ¶ 602[02], at 602-8 to 11 (1988) (other citations omitted); *see Riccardi v. Kessler,* No. 3:06cv0605, 2007 WL 7083657, at *3 (M.D. Tenn. Oct. 5, 2007) ("Objections based on lack of personal knowledge should be raised at trial at the time the evidence is offered.").

Further, lay witnesses are not barred from giving their opinions under the Federal Rules of Evidence. *See United States v. Tolbert*, 8 F. App'x 372, 379 (6th Cir. 2001) ("Opinion testimony of a lay witness is not inadmissible simply because it embraces an ultimate issue of fact.") (citing *United States v. Sheffey,* 57 F.3d 1419, 1424-25 (6th Cir. 1995); Fed. R. Evid. 701, 704). But, lay witness "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir.

1997) ("[T]estimony offering nothing more than a legal conclusion—i.e, testimony that does little more than tell the jury what result to reach—is properly excludable under the Rules.").

At this early pretrial stage in the proceedings, without knowledge of trial testimony and other evidence, it is premature to enter an order barring witnesses from testifying that Defendant Widup was left unattended or that she stole the goggles.  It is well settled that "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial [… but rather] that, without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.  The Court will address objections, if any, as they occur in trial.  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court . . . the district court may change its ruling at trial for whatever reason it deems appropriate."  *United States v. Yannott,* 42 F.3d 999, 1007 (6th Cir.1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983).

### B.     Night Vision Goggles

Defendants also seek to exclude testimony that the goggles bearing serial number 5009555 13567 are the property of WPAFB.  (Doc. #45, *PageID* #173).  They "anticipate the Government will call witnesses to testify that the [goggles] case bearing serial number 16782 is the property of WPAFB."  *Id*.  The witnesses will then infer, according to Defendants, that because the case is the property of WPAFB, the goggles located within it are also the property of WPAFB.  *Id*.  Defendants assert that this inference is

4

improper:  "While circumstantial evidence may permit an inference of Government ownership of property to be drawn, this inference is only permissible when it is the only reasonable inference that can be drawn based on the circumstances."  *Id.* (citing *United States v. Donato*, 269 F. Supp. 921, 923 (E.D. Pa. June 30, 1967)).  Defendants "believe that the Government lacks any reliable evidence demonstrating that the [goggles] at issue are the property of WPAFB."  (Doc. #45, *PageID* #173).

The Government, however, asserts government ownership is the only reasonable inference.  The Government notes that the goggles were "distinctive in appearance," "identified at the pawn shop as such by the Defendant," and "tagged as such by the pawn shop owner."  (Doc. #46, *PageID* #178).  Additionally, the Defendant gave a "written, advised admission of the goggles' government ownership . . . ."  *Id.*

Defendants' *belief* that the Government lacks *reliable* evidence does not justify the broad order Defendants seek.  Based on the limited facts presently alleged, it is evident that the parties disagree on the strength of the evidence.  "It is the jury's responsibility to 'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  Thus, at this time, it is premature for the Court to prohibit any witness from testifying that the goggles are property of WPAFB.

Defendants' rely on *United States v. Donato,* but it does not support their argument.  In that case*,* the defendant, an employee at the United States Mint, was found guilty of embezzlement.  269 F. Supp. at 922.  In his motion for acquittal, he asserted, in part, that

the Government failed to show the embezzled coins were owned by the Government.  *Id*. The evidence at trial revealed that people in his position "have ample opportunity" to steal coins because they are not always under supervision, the coins "looked as though they had just been struck off a press, and that they all bore the same date [] as those run off by the Philadelphia Mint . . . ," and the defendant was not given permission, nor was there any other reason, to remove the coins from the room where he worked.  *Id.* at 922-23.  The court found that the Government had shown government ownership:  "The only reasonable inference permitted by the evidence is that the defendant took these quarters from his working area and placed them in his locker so that he could later remove them from the building."  *Id.* at 923.  Significantly, the court's finding was based on the evidence presented at trial.  In the present case, the facts and specific details are not currently before the Court.

When evidence is not plainly inadmissible on all potential grounds, a court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.  Defendants have not shown that the evidence they seek to exclude is plainly inadmissible.

Accordingly, Defendants' Joint Motion in Limine (Doc. #45) is denied.

March 11, 2017                                *s/Sharon L. Ovington*
                                             Sharon L. Ovington
                                             United States Magistrate Judge